1  MATTHEW P. GUICHARD, SBN 107450
   CHRISTOPHER J. GARRETT, SBN 264702
2  CHRISTOPHER K. TENG, (OF COUNSEL) SBN 176431
   GUICHARD, TENG & PORTELLO, A.P.C.
3  101 Ygnacio Valley Road, Suite 112
   Walnut Creek, California 94596
4  Telephone:     (925) 459-8440
   Facsimile:     (925) 459-8445
5
6  Attorneys for Plaintiff,
7
8                    UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO

10  OLIVIA GARDEN, INC., a California          Case No.
    Corporation,
11                                             **COMPLAINT FOR DESIGN PATENT
                   Plaintiff,                  INFRINGEMENT, TRADE DRESS
12                                             INFRINGEMENT AND UNFAIR
          v.                                   COMPETITION**
13
14  STANCE BEAUTY LABS, LLC, a
    Connecticut Limited Liability Company;
15  Burlington Stores, Inc., a Delaware
    corporation; and DOES 1 through 25,
16  inclusive,
17                                             **JURY TRIAL DEMANDED**
                   Defendants.
18
19
20       Plaintiff Olivia Garden Inc. ("Plaintiff"), by and through its attorneys, complains and
21  alleges as follows against Defendants Stance Beauty Labs, L.L.C. ("Stance") and Burlington
22  Stores, Inc. ("Burlington") (collectively, "Defendants").
23                              **THE PARTIES**
24       1.     Plaintiff Olivia Garden Inc., is a California corporation having its principal place of
25  business at 2805 Verne Roberts Circle, Antioch, California 94509.
26       2.     Plaintiff is informed and believes, and on that basis alleges, that Stance is a
27  Connecticut limited liability company with its principal place of business at 1100 Summer Street,
28

- 1 -

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

Stamford, Connecticut 06905.

3.     Plaintiff is informed and believes, and on that basis alleges, that Burlington is Delaware corporation with its principal place of business at 2006 Route 130, Burlington, New Jersey 08016.

4.     Plaintiff is unaware of the true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 25, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Plaintiff therefore sues those defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## JURISDICTION

5.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §271 et seq.

6.     This Court has subject matter jurisdiction under 15 U.S.C. §1121 (actions arising under the Lanham Act); 28 U.S.C. §1338(a) (any Act of Congress relating to patents or trademarks); and 28 U.S.C. §1331 (federal question).

7.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. §271 and 15 U.S.C. §1125, and placed the infringing products in the stream of commerce, with the knowledge or understanding that such products are sold in this State, including in this District.   Plaintiff is informed and believes, and on that basis alleges, that Defendants have distributed, offered for sale and/or sold the infringing products in this State, have engaged in acts or omissions in this State, and have engaged in acts or omissions outside this State causing injury within this State, have manufactured, distributed, offered for sale and/or sold the infringing products used in this State in the ordinary course of trade, and/or have otherwise made or established contacts with this State sufficient to permit exercise of personal jurisdiction.

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

## VENUE AND INTRADISTRICT ASSIGNMENT

8.      Venue is proper within this District under 28 U.S.C. §§1391(b) and (c) because Defendants transact business within this District and distribute, offer for sale and/or sell in this district products that infringe Plaintiff's design patents and trade dress.  In addition, venue is proper because Plaintiff's principal place of business is in this District and Plaintiff suffered harm in this District.

9.      Pursuant to this District's Local Rule 3-2(c), this is an Intellectual Property Action to be assigned on a district-wide basis.

## FACTUAL ALLEGATIONS

### A.  The Rennette Design Patents

10.     In 1967, Jean Rennette and his wife Micheline Rennette, created Olivia Garden, founded on the principles of providing hairdressers with high quality, innovative, beautiful and cutting-edge salon tools.  Mr. Rennette is an innovator and market leader in the hair brush industry.

11.     In 1985, Mr. Rennette formed Olivia Garden International, Inc., a Delaware corporation to exploit his innovative designs.  Mr. Rennette is the managing director and owner of Olivia Garden International Inc.  In 2002, Mr. Rennette's children Pierre Rennette and Anne Maza formed Olivia Garden Inc., a California corporation.  Plaintiff, Olivia Garden Inc. is the marketing and sales arm of the family business enterprise.  Mr. Rennette and Olivia Garden International, Inc. create and develop products for Olivia Garden Inc.

12.     Plaintiff participates worldwide at professional beauty shows with large, custom-made, contemporary, high-end boutique booths at more than 40 trade shows per year including Las Vegas, Hong Kong, Bologna, London, New York, Long Beach, and Paris. Plaintiff has been featured on the front cover of Beauty Store Business magazine as a tribute to Plaintiff's longevity, success and worldwide market leadership.  Plaintiff's products are often used backstage at New York Fashion Week and are often spotted on TV shows, on movie sets and used by celebrity stylists worldwide.

13.     Mr. Rennette has created many hairbrush designs and has taken extensive measures

- 3 -

to protect his innovative designs, earning over 55 patents in the United States and worldwide. Relevant to this dispute, Mr. Rennette is the owner of all right, title, and interest to each of the United States design patents identified below in Table 1 (the "Rennette Design Patents") since the date each patent duly and legally issued to Rennette.   A copy of each Rennette Design Patent is attached to this Complaint.

| Table 1: Rennette Design Patents | | |
|---|---|---|
| **U.S. Design Patent Number** | **Issue Date** | **Complaint Exhibit** |
| D739,660 ('D660 Patent) | September 29, 2015 | A |
| D762,069 ('D069 Patent) | July 26, 2016 | B |

14.    Olivia Garden International, Inc. owns, by way of assignment, the Rennette Design Patents listed above.

15.    Plaintiff Olivia Garden Inc., is the exclusive licensee in the United States of the Rennette Design Patents listed above.

16.    Plaintiff markets products under the name "Fingerbrush" which embodies design elements of the Rennette Design Patents.

**B. Defendants' Infringing Activities**

17.    Plaintiff is informed and believes, and on that basis alleges, that Stance is presently manufacturing, importing into the United States, offering for sale and/or selling an imitation of Plaintiff's "Fingerbrush" product under the name of "Curved Vent Brush."   Plaintiff is also informed and believes, and on that basis alleges, that Burlington is offering for sale and/or selling Stance's "Curved Vent Brush."   Neither Stance nor Burlington are connected or affiliated with Plaintiff, or authorized by Plaintiff in any way to sell the "Curved Vent Brush" products.

////

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

18.    Image 1 shows a side-by-side comparison of the front elevational views of Plaintiff's "Fingerbrush" and of Stance's "Curved Vent Brush."



Image 1

Fingerbrush

Curved Vent Brush

19.    Image 2 shows a side-by-side comparison of the rear elevational views of Plaintiff's "Fingerbrush" and back view of Stance's "Curved Vent Brush."



Image 2

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**
**CASE NO. TBA**

20.     Image 3 shows a side-by-side comparison of the side elevational views of Plaintiff's "Fingerbrush" and of Stance's "Curved Vent Brush."



Image 3

21.     Image 4 shows a side-by-side comparison of Plaintiff's "Fingerbrush" and of Stance's "Curved Vent Brush" taken from the perspective of the handles.



Image 4

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

- 6 -

22.    Image 5 shows a side-by-side comparison of Plaintiff's "Fingerbrush" and of Stance's "Curved Vent Brush" taken from the end of the brush heads.



Image 5

23.    Images 6A and 6B show views of Stance's "Curved Vent Brush" and its labels, both front and back.



6A



6B

COMPLAINT FOR DESIGN PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION
CASE NO. TBA

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

24.     Plaintiff's "Fingerbrush" is a vented scalp hugging paddle brush made of independently articulated fingers.  The design elements of the "Fingerbrush" comprise of six articulated arms from the top of the brush handle curving slightly towards the top.  Four of those arms on the outside (two on each side) are unconnected, while the middle two arms meet at the top to form a candle flame design.  In the side elevational view, the "Fingerbrush" curves slightly inward.  The brush handle has two sets of distinctive and non-functional ridges (at the top and bottom of the handle) around its circumference.  The brush handle also has an eyelet attached.  The distinctive and non-functional design elements of the "Fingerbrush" trade dress also include silver, white, and light purple colors.

25.     The "Fingerbrush" is clearly labeled as shown on the handle in Image 7 below. The markings include "fingerbrush™" and "©2012 Olivia Garden".  The "Fingerbrush" also has an attached label clearly stating its origins.  Image 7 shows the paper label attached to the brush.  The label further describes the "Fingerbrush" as a "Curved & Vented Paddle Brush" and "patent pending".



- 8 -

26.     Stance has misappropriated Plaintiff's patented design and trade dress.  Plaintiff is informed and believes, and on that basis alleges, that instead of pursuing independent product design and development, Stance has chosen to copy Plaintiff's innovative design, in violation of Plaintiff's valuable intellectual property rights.  Stance's actions are all the more culpable because, in light of the many hairbrush designs available, there is no need for Stance to imitate Plaintiff's trade dress and infringe Plaintiff's design patents to sell its products in the United States.  Stance copied Plaintiff's description of the "Fingerbrush" by changing Plaintiff's "Curved & Vented Paddle Brush" to "Curved Vent Brush." Stance's infringement is willful and intentional.

27.     On August 16, 2017, Mr. Rennette visited a Burlington Coat Factory store in Pittsburg, California and purchased two Stance Curved Vent Brushes.  Images 6A and 6B are photographs of a brush purchased on that day.

28.     Defendants' actions are likely to cause confusion and to deceive consumers and the public regarding the source of the products.  By this Action, Plaintiff seeks to put a stop to Defendants' illegal conduct and obtain compensation for the violations that have occurred thus far.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Design Patent No. D739,660)

29.     Plaintiff realleges each and every allegation set for in paragraphs 1 through 28 above, inclusive, and incorporates them by reference herein.

30.     On September 29, 2015, the United States Design Patent No. D739,660 (the 'D660 Patent) titled "Hair Brush" was duly and legally issued to Jean Rennette.

31.     Pursuant to 35 U.S.C. §282, the 'D660 patent is presumed valid.

32.     Defendants have made, used, sold, offered to sell, and/or imported into the United States, and are still making, using, selling or offering to sell, and/or importing into the United States, the "Curved Vent Brush" product which embodies the design covered by the 'D660 patent, without Plaintiff's permission.

33.     Defendants have profited through infringement of the 'D660 patent.  As a result of Defendants' unlawful infringement of the 'D660 patent, Plaintiff has suffered and continues to

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

suffer damages. Plaintiff is entitled to recover damages adequate to compensate it for Defendants' acts of infringement, in an amount which can be no less than a reasonable royalty.

34.     As a result of the infringing activities of Defendants, Plaintiff has been and continues to suffer irreparable injury.

35.     Plaintiff has given notice to Stance of its infringement of the 'D660 design patent on or about September 8, 2017. Plaintiff is informed and believes, and on that basis alleges, Stance has willfully infringed the 'D660 design patent, making this an exceptional case and justifying the assessment of treble damages pursuant to 35 U.S.C. §284 and attorneys' fees pursuant to 15 U.S.C. §285.

36.     Plaintiff provided notice to Burlington on or about September 8, 2017 of the infringement of the 'D660 design patent. Plaintiff is informed and believes, and on that basis alleges, that Burlington's continuing offering for sale and/or selling of the "Curved Vent Brush" product after notice constitutes willful infringement of the 'D660 design patent, making this an exceptional case and justifying the assessment of treble damages pursuant to 35 U.S.C. §284 and attorneys' fees pursuant to 15 U.S.C. §285.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Design Patent No. D762,069)

37.     Plaintiff realleges each and every allegation set for in paragraphs 1 through 36 above, inclusive, and incorporates them by reference herein.

38.     On July 26, 2016, the United States Design Patent No. D762,069 (the "D069 Patent") titled "Hair Brush" was duly and legally issued to Jean Rennette.

39.     Pursuant to 35 U.S.C. §282, the 'D069 patent is presumed valid.

40.     Defendants have made, used, sold, offered to sell, and/or imported into the United States, and are still making, using, selling or offering to sell, and/or importing into the United States, the "Curved Vent Brush" product which embodies the design covered by the 'D069 patent, without Plaintiff's permission.

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

- 10 -

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA  94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

41.     Defendants have profited through infringement of the 'D069 patent.  As a result of Defendants' unlawful infringement of the 'D069 patent, Plaintiff has suffered and continues to suffer damages.  Plaintiffs is entitled to recover damages adequate to compensate it for Defendants' acts of infringement, in an amount which can be no less than a reasonable royalty.

42.     As a result of the infringing activities of Defendants, Plaintiff has been and continues to suffer irreparable injury.

43.     Plaintiff has given notice to Stance of its infringement of the 'D069 design patent on or about September 8, 2017.  Plaintiff is informed and believes, and on that basis alleges, Stance has willfully infringed the 'D069 design patent, making this an exceptional case and justifying the assessment of treble damages pursuant to 35 U.S.C. §284 and attorneys' fees pursuant to 15 U.S.C. §285.

44.     Plaintiff provided notice to Burlington on or about September 8, 2017 of the infringement of the 'D069 design patent.  Plaintiff is informed and believes, and on that basis alleges, that Burlington's continuing offering for sale and/or selling of the "Curved Vent Brush" product after notice constitutes willful infringement of the 'D069 design patent, making this an exceptional case and justifying the assessment of treble damages pursuant to 35 U.S.C. §284 and attorneys' fees pursuant to 15 U.S.C. §285.

### THIRD CLAIM FOR RELIEF
### (Trade Dress Infringement - Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

45.     Plaintiff realleges each and every allegation set for in paragraphs 1 through 44 above, inclusive, and incorporates them by reference herein.

46.     Plaintiff is the owner of all rights and title to the distinctive "Fingerbrush" trade dress, which is not functional and enjoys secondary meaning among consumers, identifying Plaintiff as the source of the "Fingerbrush" products.

47.     Plaintiff's promotion and marketing of the distinctive "Fingerbrush" trade dress has resulted in Plaintiff's acquisition of valuable, legally protected rights in the "Fingerbrush" trade dress as well as customer goodwill.

- 11 -

48.     The "Curved Vent Brush" product has misappropriated the distinctive "Fingerbrush" trade dress by mimicking that trade dress.

49.     Defendants' manufacture, importation into the United States, distribution, offering for sale and/or selling the "Curved Vent Brush" with the product design that mimics the distinctive "Fingerbrush" trade dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods or commercial activities.

50.     Defendants' manufacture, importation into the United States, distribution, offering for sale and/or selling the "Curved Vent Brush" with the product design that mimics the distinctive "Fingerbrush" trade dress enables Defendants to benefit unfairly from Plaintiff's reputation and success, thereby giving Defendants infringing products sales and commercial value they would not otherwise have.

51.     Defendants' actions constitute false designation of origin of goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

52.     Plaintiff has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and Plaintiffs lack an adequate remedy at law to compensate for this harm and damage.

53.     Plaintiff has sustained damages as a direct and proximate result of Defendants' infringement of the distinctive "Fingerbrush" trade dress in an amount to be proven at trial.

54.     Plaintiff is informed and believes, and on that basis alleges, that Stance knew of the "Fingerbrush" trade dress when it designed its "Curved Vent Brush" product.  Plaintiff sent a letter to Stance on September 8, 2017 informing Stance that the product "Curved Vent Brush" is an exact copy of Plaintiff' "Fingerbrush".  Stance has since admitted that it had sold 3,600 units of the "Curved Vent Brush" product.  Plaintiff has also purchased two "Curved Vent Brush" from the Burlington store in Pittsburg, California on August 17, 2017.  Plaintiff sent a letter to Burlington informing it of Stance's infringing products.  Burlington has not responded.

55.     Because Stance's actions have been willful, Plaintiff is entitled to treble damages

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

- 12 -

and to an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition)

56.     Plaintiff realleges each and every allegation set for in paragraphs 1 through 55 above, inclusive, and incorporates them by reference herein.

57.     Defendants jointly and severally have unfairly competed with Plaintiff by misappropriating Plaintiff's trade dress and infringing Plaintiff's design patents, by otherwise causing confusion with consumers, all of which practices already have resulted in serious injury to Plaintiff's business, reputation, and goodwill, and will result in irreparable injury to Plaintiff unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1.     A judgment declaring that Defendants have infringed each of the Rennette Design Patents;

2.     An order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the Rennette Design Patents;

3.     A judgment awarding Plaintiff all damages adequate to compensate for Defendants' infringement of the Rennette Design Patents, together with pre-judgment and post-judgment interest as authorized by law, and in no event less than a reasonable royalty;

4.     A judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. §284 as a result of Defendants' willful and deliberate infringement of the Rennette Design Patents;

5.     A judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§284 and 285 and Rule 54(d)

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

of the Federal Rules of Civil Procedure;

6.      An order preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing Plaintiff's "Fingerbrush" trade dress, or using any other product design similar to or likely to cause confusion with the "Fingerbrush" trade dress.

7.      Actual damages suffered by Plaintiff as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as pre-judgment and post-judgment interest as authorized by law;

8.      An accounting of Defendants' profits;

9.      A judgment trebling any damages award pursuant to 15 U.S.C. §1117; and

10.     Such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 6, 2017                   GUICHARD, TENG & PORTELLO, A.P.C.

By: _____
        MATTHEW P. GUICHARD
        CHRISTOPHER K. TENG
        CHRISTOPHER J. GARRETT
        Attorneys for Plaintiff
        OLIVIA GARDEN, INC.

GUICHARD, TENG & PORTELLO, A.P.C.
101 Ygnacio Valley Road, Suite 112
Walnut Creek, CA 94596
Telephone: (925) 459-8440; Facsimile (925) 459-8445

- 14 -

# EXHIBIT A

US00D739660S

(12) **United States Design Patent**
Rennette

(10) Patent No.: **US D739,660 S**
(45) Date of Patent: ** **Sep. 29, 2015**

(54) **HAIR BRUSH**

(71) Applicant: Jean Rennette, Walnut Creek, CA (US)

(72) Inventor: Jean Rennette, Walnut Creek, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/440,253**

(22) Filed: **Dec. 20, 2012**

(51) LOC (10) Cl. ................................................. **04-02**

(52) U.S. Cl.
USPC ......................................................... **D4/138**

(58) **Field of Classification Search**
USPC ............ D4/132–134, 136, 138; D7/393, 395,
D7/401.2; D8/107, 303; D28/7, 10, 20, 28,
D28/30; 15/143.1, 159.1, 160, 186–188,
15/201; 16/430; 132/119.1, 120, 142, 313;
D30/158, 159; 119/600, 612, 615, 625
CPC .............. A46B 1/00; A46B 3/00; A46B 3/20;
A46B 3/22; A46B 5/00; A46B 5/02; A46B
5/021; A46B 9/00; A46B 9/005; A46B 9/02;
A46B 9/023; A46B 9/025; A46B 9/026;
A46B 2200/00; A46B 2200/10; A46B
2200/102; A46B 2200/104; A46B 2200/1093;
A46B 5/002; A46B 5/0025; A46B 5/0029;
A46B 7/02; A46B 7/06; A45D 19/0008;
A45D 19/02; A45D 24/00; A45D 24/04
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 825,910 | A | * | 7/1906 | Kleinsorgen | 15/201 |
| 930,678 | A | * | 8/1909 | Moore | 132/126 |
| 1,110,406 | A | * | 9/1914 | Schreck | 15/201 |
| 1,172,544 | A | * | 2/1916 | Metzner | 132/120 |
| 2,238,603 | A | * | 4/1941 | Runnels | 132/120 |
| D132,814 | S | * | 6/1942 | Schwartz | D4/134 |
| D264,275 | S | * | 5/1982 | Megna | D4/136 |
| D644,440 | S | * | 9/2011 | Rennette | D4/116 |
| 2013/0206183 | A1 | * | 8/2013 | Shim et al. | 134/32 |

FOREIGN PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| FR | 2904518 | A1 | * | 2/2008 | .............. A46B 7/02 |
| KR | 30-0676280 | S | * | 1/2013 | |
| WO | WO 8001135 | A1 | * | 6/1980 | .............. A46B 5/02 |

* cited by examiner

*Primary Examiner* — Melanie H Tung
*Assistant Examiner* — Lavone D Tabor
(74) *Attorney, Agent, or Firm* — Lodestar Patents, PLLC;
Raymond J. E. Hall

(57) **CLAIM**

The ornamental design for a hair brush, as shown and described.

**DESCRIPTION**

FIG. 1 is a rear elevational view of a hair brush, showing my new design;
FIG. 2 is a side elevational view thereof, the opposite side being a mirror image;
FIG. 3 is a front elevational view thereof;
FIG. 4 is a top view thereof; and
FIG. 5 is a bottom view thereof.
FIG. 6 is a rear elevational view showing an alternate embodiment of my new design;
FIG. 7 is a side elevational view thereof, the opposite side being a mirror image;
FIG. 8 is a front elevational view thereof;
FIG. 9 is a top view thereof; and,
FIG. 10 is a bottom view thereof.
The broken lines represent brush bristles and are included to illustrate environmental structure of the hair brush that forms no part of the claimed design.

**1 Claim, 4 Drawing Sheets**





FIG. 1          FIG. 2



FIG. 4

FIG. 3        FIG. 5



FIG. 6          FIG. 7



FIG. 8

FIG. 9

FIG. 10

# EXHIBIT B

US00D762069S

(12) **United States Design Patent**
Rennette

(10) Patent No.: **US D762,069 S**
(45) Date of Patent: ** **Jul. 26, 2016**

(54) **HAIR BRUSH**

(71) Applicant: **Jean Rennette**, Walnut Creek, CA (US)

(72) Inventor: **Jean Rennette**, Walnut Creek, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/525,371**

(22) Filed: **Apr. 29, 2015**

**Related U.S. Application Data**

(62) Division of application No. 29/440,253, filed on Dec. 20, 2012, now Pat. No. Des. 739,660.

(51) **LOC (10) Cl.** ............................................... **04-02**
(52) **U.S. Cl.**
USPC .......................................................... **D4/138**
(58) **Field of Classification Search**
USPC ................. D4/100–102, 104, 118, 124–125, D4/127–132, 136, 138
CPC ...... A46B 5/00; A46B 5/0004; A46B 5/0008; A46B 5/0012; A46B 5/002; A46B 5/0095; A46B 9/04; A46B 11/0006; A46B 2200/1026; A46B 2200/102; A46B 2200/104; A61B 17/24
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 825,910 | A | * | 7/1906 | Kleinborgen ............ A46B 7/06 15/201 |
| 930,678 | A | * | 8/1909 | Moore .................... A45D 24/02 132/126 |
| 1,172,544 | A | * | 2/1916 | Metzner ................. A45D 24/34 132/120 |
| 2,238,603 | A | * | 4/1941 | Runnels ................. A45D 24/16 119/612 |
| D132,814 | S | * | 6/1942 | Schwartz ...................... D4/134 |
| D264,275 | S | * | 5/1982 | Megna ........................... 15/187 |

| | | | | |
|---|---|---|---|---|
| 6,308,717 | B1 | * | 10/2001 | Vitaric ................... A46B 9/023 132/129 |
| D479,916 | S | * | 9/2003 | Park ............................ D4/128 |
| D644,440 | S | * | 9/2011 | Rennette ...................... D4/116 |
| D653,038 | S | * | 1/2012 | Park ............................ D4/128 |
| D739,660 | S | * | 9/2015 | Rennette ...................... D4/138 |
| D749,326 | S | * | 2/2016 | Rennette ...................... D4/121 |
| D750,896 | S | * | 3/2016 | Park ............................ D4/136 |

OTHER PUBLICATIONS

Olivia Garden, FingerBrush Vented Hair Brush, posted at Ulta Beauty [online], first review posted on Nov. 20, 2013 [site visited Apr. 12, 2016]. Available from the Internet, <URL: http://www.ulta.com/ulta/browse/productDetail.jsp?productId=xlsImpprod5960518#>.*

* cited by examiner

*Primary Examiner* — Catheri Oliver-Garcia
*Assistant Examiner* — Rebekah Caruso
(74) *Attorney, Agent, or Firm* — Volk & McElroy, LLP; Michael D. Volk, Jr.

(57) **CLAIM**

The ornamental design for a hair brush, as shown and described.

**DESCRIPTION**

FIG. 1 is a rear elevational view of a hair brush, showing my new design;
FIG. 2 is a side elevational view thereof, the opposite side being a mirror image;
FIG. 3 is a front elevational view thereof;
FIG. 4 is a top view thereof; and,
FIG. 5 is a bottom view thereof.
The broken lines represent brush bristles and are included to illustrate environmental structure of the hair brush that forms no part of the claimed design.

**1 Claim, 2 Drawing Sheets**





FIG. 1        FIG. 2



FIG. 3

FIG. 4

FIG. 5