1   L. SCOTT OLIVER (State Bar No. 174824)
    soliver@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
3   Menlo Park, CA 94025-1015
    Telephone:    +1 650 614 7400
4   Facsimile:    +1 650 614 7401

5   Attorney for Defendants,
    STANCE BEAUTY LABS, LLC and
6   BURLINGTON STORES, INC.

7

8

9               IN THE UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                      OAKLAND DIVISION

12

13  OLIVIA GARDEN, INC., a California          Case No. 5:17-CV-05778-HSG
    Corporation
14                                             **STANCE BEAUTY LABS, LLC'S**
                  Plaintiff,                    **MOTION TO DISMISS FOR**
15                                             **IMPROPER VENUE**
            v.
16                                             Date:    March 22, 2018
    STANCE BEAUTY LABS, LLC, a                 Time:    2:00 p.m.
17  Connecticut Limited Liability Company;     Dept:    Courtroom 2, 4th Floor
    BURLINGTON STORES, INC., a Delaware        Hon. Haywood S. Gilliam, Jr.
18  corporation; and DOES 1 through 25, inclusive,

19                Defendants.

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY                                STANCE BEAUTY LABS LLC'S MOTION
                                             TO DISMISS FOR IMPROPER VENUE
                                             CASE NO. 5:17-CV-05778-HSG

1 | **NOTICE OF MOTION AND MOTION**
2 |      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE
3 | that the following Motion to Dismiss for Improper Venue will be heard on March 22, 2018, at
4 | 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2, 4th Floor of this Court
5 | located at 1301 Clay Street, Oakland, California, the Honorable Haywood S. Gilliam, Jr.
6 | presiding.
7 |      Defendant, Stance Beauty Labs, LLC ("Stance"), will, and hereby does, move this Court
8 | pursuant to 28 U.S.C. § 1406(a) and Federal Rules of Civil Procedure 12(b)(3) for an order
9 | dismissing the case.  This Motion is based on this Notice of Motion and Motion, the following
10 | Memorandum of Points and Authorities, the Declaration of Samuel Lubliner ("Lubliner Decl."),
11 | the Declaration of L. Scott Oliver ("Oliver Decl.") and the material attached thereto, the record in
12 | this matter, and any other and further papers, evidence, and argument as may be submitted in
13 | connection with this Motion.
14 | **MEMORANDUM OF POINTS AND AUTHORITIES**
15 | **I.     INTRODUCTION**
16 |      Defendant Stance respectfully moves this Court to dismiss this case under 28 U.S.C. §
17 | 1406(a) and Federal Rule of Civil Procedure 12(b)(3) because Stance is not incorporated, has not
18 | committed acts of alleged infringement, and does not have a regular and established place of
19 | business in California.  Therefore, venue is improper in this District under *TC Heartland LLC v.*
20 | *Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).  This case should therefore be dismissed.[1]
21 | **II.    RELEVANT VENUE FACTS**
22 |      Plaintiff alleges venue is proper because it visited a "Burlington Coat Factory" store in
23 | California, where it supposedly purchased two allegedly infringing hair brushes.  (Complaint
24 | ("Compl.") ¶ 27.)  Plaintiff also conclusively alleges, without supporting facts, that venue is
25 | proper because Stance transacts business and distributes the infringing product in this District,
26 | where Plaintiff claims to have suffered harm.  (Compl. ¶ 8.)
27 |
28 | [1] The Court should also dismiss this case under Rule 12(b)(6) because it is undisputed that Stance did not sell the allegedly infringing product and therefore could not have infringed the patent.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG

Plaintiff's assertions are insufficient to establish proper venue.  As set forth in the Lubliner Declaration, filed concurrently herewith, there are no factual grounds upon which Stance can be subject to venue in this District.  Specifically:

- Stance has no physical presence in the state of California.  (Lubliner Decl. ¶ 3-8.)

- Stance is a Connecticut corporation with its principal place of business in Connecticut.  (*Id*. at ¶ 2; Connecticut Commercial Recording Division website, Oliver Decl., Ex. 1.)

- Stance does not have any offices or retail locations in California.  (Lubliner Decl. ¶ 4.)

- None of Stance's books or records, and none of the officers and employees of Stance knowledgeable of those books and records, are located or reside in California.  (*Id*. at ¶ 6.)

- None of Stance's officers or employees reside in or have offices in the state of California.  (*Id*. at ¶ 5.)

- Stance has never attempted to become qualified or licensed to do business in California.  (*Id*. at ¶ 7.)

- Stance was not at the time of filing this action and is not now a resident of California.  (*Id*. at ¶ 8.)

## III.   ARGUMENT

### A.   Legal Standard

If venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings.  *See Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).  The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides that "any civil action for patent infringement may be brought in the judicial district: [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b); *see TC Heartland*, 137 S. Ct. at 1518.

A corporation "resides" only in the state of its incorporation.  *See TC Heartland*, 137 S. Ct. at 1519-20.  As for the second avenue, "in determining whether a corporate defendant has a regular and established place of business, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence . . . ."  *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).  Specifically, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business, and (3) it must be the place of the defendant. If *any* statutory requirement is not satisfied, venue is improper under § 1400(b)."  *In re Cray Inc.*, 871 F. 3d 1355, 1360 (Fed. Cir. 2017) (emphasis added).

In determining whether a place is "a place *of the defendant*," and a court may consider "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place."  *Id.* at 1363 (emphasis added); *see XpertUniverse, Inc. v. Cisco Systems, Inc.*, No. 17-CV-03848-RS, 2017 WL 4551519, at *2 (N.D. Cal., Oct. 11, 2017) (explaining that *In re Cray* has clarified the "regular and established place of business" inquiry).

**B.**    **Stance Does Not "Reside" or Have a "Regular and Established Place of Business" in California.**

Stance is incorporated in Connecticut, not California.  (Lubliner Decl. ¶ 2.)  Therefore, Stance does not "reside" in California.  *See TC Heartland, 137 S. Ct. at 1519-20.*

Further, Stance has not committed any acts of infringement in California, because it did not sell the allegedly infringing product in California.  Nor does Stance have a "regular and established place of business" in California, let alone in the Northern District of California. Stance's principal place of business is in Connecticut.  (Lubliner Decl. ¶ 2.)  Stance has never maintained a place of business in California.  (*Id.* at ¶ 3.)  Stance does not own or lease any offices or retail locations in California. (*Id.* at ¶ 4.)  None of Stances officers or employees reside in or have offices in California.  (*Id.* at ¶ 5.)  None of Stance's books or records, and none of the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG

officers and employees knowledgeable of those books and records, are located or reside in California.  (*Id*. at ¶ 6.)  Stance has never attempted to become qualified or licensed to do business in California.  (*Id*. at ¶ 7.)  And Stance was not at the time of filing of this action and is not now a resident of California.  (*Id*. at ¶ 8.)

In sum, Stance does not reside or have a regular and established place of business in California, let alone in this District.  Venue is therefore improper and this case should be dismissed.

**C.**   **The Court Should Dismiss, and not Transfer, this Case.**

"If the court determines that venue is improper, the court should either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought." *Asmodus, Inc. v. Ou*, No. 5:16-CV-03305-EJD, 2016 WL 7049244, at *1 (N.D. Cal. Dec. 5, 2016) (quoting *Cal. Brewing Co. v. 3 Daughters Brewing, LLC*, No. 2:15-cv-02278-KJM-CMK, 2016 WL 1573399 (E.D. Cal. Apr. 19, 2016)).  For multiple reasons, dismissal, and not transfer, of this case is appropriate.

First, as established in this Motion, Stance does not transact business in California and did not sell the allegedly infringing products in this District.  Therefore, Stance cannot be liable under any theory asserted by Plaintiff and dismissal is warranted for failure to state a claim under Rule 12(b)(6) against Stance.

Second, even assuming, *arguendo*, that Stance supplied and/or sold the allegedly infringing products, which it did not, those products were allegedly also sold by codefendant Burlington Stores, Inc., a Delaware corporation that has also moved to dismiss the Complaint for improper venue.  Because the claims against Burlington stem from alleged infringement by Stance, all claims should be disposed of in one case so that there are not inconsistent findings and rulings.  *See Vehimax International, LLC v. Jui Li Enterprise Company, Ltd.*, No. 09-6437, 2010 WL 11527371 (C.D. Cal., March 16, 2016) (citing *Continental Grain Co. v. Barge FBL-585,* 364

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG

U.S. 19, 26 (1960) ("[P]ermitting 'two cases involving precisely the same issues ... simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.' Thus, litigation of related claims in the same district is strongly favored because it facilitates efficient pre-trial proceedings and discovery and avoids duplicitous efforts.")).

Accordingly, this case should be dismissed and refiled, if at all, where Plaintiff determines that venue would be proper as to both Stance and Burlington.

**WHEREFORE**, Defendant, Stance Beauty Labs, LLC, respectfully requests that the Court dismiss this case for improper venue under Fed. R. of Civ. P. 12(b)(3) and for such other and further relief as the Court deems appropriate.

Dated: December 29, 2017                    Respectfully submitted,

                                            ORRICK, HERRINGTON & SUTCLIFFE LLP


                                            By:  */s/ L. Scott Oliver*
                                                 L. SCOTT OLIVER

                                                 Attorney for Defendants,
                                                 STANCE BEAUTY LABS, LLC and
                                                 BURLINGTON STORES, INC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG