L. SCOTT OLIVER (State Bar No. 174824)
soliver@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

Attorney for Defendants,
STANCE BEAUTY LABS, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OLIVIA GARDEN, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STANCE BEAUTY LABS, LLC, a Connecticut Limited Liability Company, et al.<br><br>Defendants. | Case No. 4:17-CV-05778-HSG<br><br>**STANCE BEAUTY LABS, LLC'S MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>Date: May 17, 2018<br>Time: 2:00 p.m.<br>Dept: Courtroom 2, 4th Floor<br>Hon. Haywood S. Gilliam, Jr. |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that the following Motion to Dismiss for Improper Venue will be heard on May 17, 2018, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2, 4th Floor of this Court located at 1301 Clay Street, Oakland, California, the Honorable Haywood S. Gilliam, Jr. presiding.

Defendant, Stance Beauty Labs, LLC ("Stance"), will, and hereby does, move this Court pursuant to 28 U.S.C. § 1406(a) and Federal Rules of Civil Procedure 12(b)(3) for an order dismissing the case. This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Samuel Lubliner ("Lubliner Decl."), the Declaration of L. Scott Oliver ("Oliver Decl.") and the material attached thereto, the record in this matter, and any other and further papers, evidence, and argument as may be submitted in connection with this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendant Stance respectfully moves this Court to dismiss this case under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3) because Stance is not incorporated, has not committed acts of alleged infringement, and does not have a regular and established place of business in California. Therefore, venue is improper in this District under *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). This case should therefore be dismissed.[1]

**II.    RELEVANT VENUE FACTS**

Plaintiff alleges venue is proper because it visited a "Burlington Coat Factory" store in California, where it supposedly purchased two allegedly infringing hair brushes. (Second Amended Complaint ("SAC") ¶ 30.) Plaintiff also conclusively alleges, without supporting facts, that venue is proper because Stance transacts business and distributes the infringing product in this District, where Plaintiff claims to have suffered harm. (SAC. ¶¶ 7, 8.)

---

[1] The Court should also dismiss this case under Rule 12(b)(6) because it is undisputed that Stance did not sell the allegedly infringing product and therefore could not have infringed the patent.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG

Plaintiff's assertions are insufficient to establish proper venue. As set forth in the Lubliner Declaration, filed concurrently herewith, there are no factual grounds upon which Stance can be subject to venue in this District. Specifically:

- Stance has no physical presence in the state of California. (Lubliner Decl. ¶ 3-8.)
- Stance is a Connecticut corporation with its principal place of business in Connecticut.[2] (*Id*. at ¶ 2; Connecticut Commercial Recording Division website, Oliver Decl., Ex. 1.)
- Stance does not have any offices or retail locations in California. (Lubliner Decl. ¶ 4.)
- None of Stance's books or records, and none of the officers and employees of Stance knowledgeable of those books and records, are located or reside in California. (*Id*. at ¶ 6.)
- None of Stance's officers or employees reside in or have offices in the state of California. (*Id*. at ¶ 5.)
- Stance has never attempted to become qualified or licensed to do business in California. (*Id*. at ¶ 7.)
- Stance was not at the time of filing this action and is not now a resident of California. (*Id*. at ¶ 8.)

### III. ARGUMENT

#### A. Legal Standard

If venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings. *See Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

---

[2] References to "corporation" herein are meant to be references to the LLC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides that "any civil action for patent infringement may be brought in the judicial district: [1] where the defendant resides, or [2] where the defendant has committed acts of infringement **_and_** has a regular and established place of business." 28 U.S.C. § 1400(b); *see TC Heartland*, 137 S. Ct. at 1518 (emphasis added).

A corporation "resides" only in the state of its incorporation. *See TC Heartland*, 137 S. Ct. at 1519-20. As for the second prong, "in determining whether a corporate defendant has a regular and established place of business, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence . . . ." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). Specifically, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business, and (3) it must be the place of the defendant. If *any* statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F. 3d 1355, 1360 (Fed. Cir. 2017) (emphasis added).

In determining whether a place is "a place *of the defendant*," a court may consider "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id*. at 1363 (emphasis added); *see XpertUniverse, Inc. v. Cisco Systems, Inc.*, No. 17-CV-03848-RS, 2017 WL 4551519, at *2 (N.D. Cal., Oct. 11, 2017) (explaining that *In re Cray* has clarified the "regular and established place of business" inquiry).

### B. Stance Does Not "Reside" or Have a "Regular and Established Place of Business" in California

Stance is incorporated in Connecticut, not California. (Lubliner Decl. ¶ 2.) Therefore, Stance does not "reside" in California. *See TC Heartland, 137 S. Ct. at 1519-20.*

Nor does Stance have a "regular and established place of business" in California, let alone in the Northern District of California. Stance's principal place of business is in Connecticut. (Lubliner Decl. ¶ 2.) Stance has never maintained a place of business in California. (*Id*. at ¶ 3.) Stance does not own or lease any offices or retail locations in California. (*Id*. at ¶ 4.) None of Stances officers or employees reside in or have offices in California. (*Id*. at ¶ 5.) None of Stance's books or records, and none of the officers and employees knowledgeable of those books

and records, are located or reside in California. (*Id*. at ¶ 6.)  Stance has never attempted to become qualified or licensed to do business in California. (*Id*. at ¶ 7.)  And Stance was not at the time of filing of this action and is not now a resident of California. (*Id*. at ¶ 8.)

In sum, Stance does not reside or have a regular and established place of business in California, let alone in this District.  Venue is therefore improper and this case should be dismissed.

### C. Pendent Venue Does Not Apply

Further, Stance should not remain in this district as a matter of "pendent venue."  Under the doctrine of pendent venue, "[o]nce a court has determined that venue is proper as to one claim, it may exercise pendent venue to adjudicate closely related claims." *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal. 2015) (citing *Martensen v. Koch*, 942 F. Supp. 2d 983, 998 (N.D. Cal. 2013).  However, federal courts, in light of *TC Heartland* (and even before *TC Heartland*), have recognized that pendent venue cannot be used to circumvent the specific venue provisions of § 1400(b).

For example, in *Jenny Yoo Collection v. Waters Design Inc.*, 2017 WL 4997838, *7 (S.D.N.Y. Oct. 20, 2017), the court dismissed a patent infringement case for improper venue and refused to apply the doctrine of pendent venue to adjudicate a patent infringement claim based on venue being proper in the forum for the patentee's other claims asserted against the accused infringer.  Specifically, the Court held: "In light of the holding in *TC Heartland* . . . I refuse to apply the pendent venue doctrine to find that venue is proper over Plaintiff's patent infringement claim."  *See also Norkol/Fibercore, Inc.* v. Gubb, 279 F. Supp. 2d 993, 999 (E.D. Wis. 2003) (dismissing patent infringement claims asserted individually against corporation's president for improper venue since president did not have a residence in the forum under § 1400(b) even though venue was proper over other claims against president and other defendants).

Accordingly, pendent venue is not appropriate here, and this case should be dismissed and refiled, if at all, where venue would be appropriate as to Stance. *Asmodus, Inc. v. Ou*, No. 5:16-CV-03305-EJD, 2016 WL 7049244, at *1 (N.D. Cal. Dec. 5, 2016) (quoting *Cal. Brewing Co. v. 3 Daughters Brewing, LLC*, No. 2:15-cv-02278-KJM-CMK, 2016 WL 1573399 (E.D. Cal. Apr.

19, 2016) ("If the court determines that venue is improper, the court should either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought.")).

**WHEREFORE**, Defendant, Stance Beauty Labs, LLC, respectfully requests that the Court dismiss this case for improper venue under Fed. R. of Civ. P. 12(b)(3) and for such other and further relief as the Court deems appropriate.

Dated: February 14, 2018              Respectfully submitted,

                                      ORRICK, HERRINGTON & SUTCLIFFE LLP


                                      By: */s/ L. Scott Oliver*
                                          L. SCOTT OLIVER

                                          Attorney for Defendants,
                                          STANCE BEAUTY LABS, LLC
                                          .

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

STANCE BEAUTY LABS LLC'S MOTION
TO DISMISS FOR IMPROPER VENUE
CASE NO. 5:17-CV-05778-HSG