UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GARDEN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STANCE BEAUTY LABS, LLC, et al.,<br><br>Defendants. | Case No. 17-cv-05778-HSG<br><br>**ORDER GRANTING DEFENDANT STANCE BEAUTY LABS, LLC'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

Pending before the Court is Defendant Stance Beauty Labs, LLC's ("Stance") motion to dismiss Plaintiff Olivia Garden, Inc.'s ("Olivia Garden") second amended complaint. *See* Dkt. No. 35 ("Mot."); *see also* Dkt. No. 29 ("SAC"). Stance filed the motion on February 14, 2018. On February 28, 2018, Plaintiff filed an opposition. Dkt. No. 37 ("Opp."). Stance replied on March 7, 2018. Dkt. No. 47 ("Reply"). After carefully considering the parties' arguments, the Court **GRANTS** the motion.[1]

**I.    BACKGROUND**

On October 6, 2017, Olivia Garden brought this action against Stance and Burlington Stores, Inc., asserting claims for infringement of U.S. Design Patent No. D739,660 and U.S. Design Patent No. D762,069; trade dress infringement under 15 U.S.C. § 1125(a), and unfair competition. *See* Dkt. No. 1 at 9-13. On January 12, 2018, Olivia Garden voluntarily dismissed with prejudice all claims against Burlington Stores, Inc. Dkt. No. 23. Olivia Garden then filed the SAC on January 31, 2018, naming as Defendants Stance and Burlington Coat Factory of Texas, Inc. ("Burlington Texas"), and asserting the same claims as raised in the initial complaint. *See*

---

[1] The Court finds that this matter is appropriate for disposition without oral argument. *See* Civil L.R. 7-1.

SAC at 9-13. Now moving to dismiss the SAC, Stance argues that venue is improper in this district under 28 U.S.C. Section 1406(a) and Federal Rule of Civil Procedure 12(b)(3).

## II. DISCUSSION

28 U.S.C. Section 1400(b) governs venue in patent cases. That statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Recently, the Supreme Court clarified that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). In reaching that holding, the Court rejected that Section 1400(b) incorporates the general venue statute's definition of corporate residence. *See id.* (citing *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 226 (1957)); 28 U.S.C. § 1391. Following that reasoning, the Federal Circuit in *In re Cray Inc.* interpreted the phrase a "regular and established place of business" to require a showing that "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *See* 871 F.3d 1355, 1360-61 (Fed. Cir. 2017) ("Courts should be mindful of this history in applying the statute and be careful not to conflate showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases.").

Here, there is no dispute that Stance is incorporated in Connecticut. *See* Mot. at 3; Opp. at 2. Olivia Garden also acknowledges that it lacks facts to show venue under the second prong of Section 1400(b). *See* Mot. at 3-4; Opp. at 2-3 (admitting that "Plaintiff presently lacks sufficient information to address" the question of whether "Stance 'has committed acts of infringement and has a regular and established place of business' in this district.'"). Rather, Plaintiff claims that the Court should exercise pendant venue over its claims against Stance. *See* Opp. at 2. Plaintiff argues that judicial economy considerations favor the Court's exercise of pendant venue, as granting Stance's motion would effectively bifurcate this matter into two separate actions. *See id.* Plaintiff alternatively requests that the Court defer a ruling on Stance's motion, and allow it time

2

to serve limited "venue discovery" to assess whether Stance maintains a regular and established place of business in this district. *Id.*

Plaintiff's arguments are unavailing. Plaintiff fails to present any authority, binding or otherwise, suggesting that courts after *TC Heartland* exercise pendent venue over third parties in patent infringement actions. The sole post-*TC Heartland* decision cited by the parties, *Jenny Yoo Collection v. Waters Design Inc.*, supports that applying pendent venue would be improper under the circumstances. *See* Mot. at 4 (citing 2017 WL 4997838 (S.D.N.Y. Oct. 20, 2017)). In *Jenny Yoo*, the district court declined to exercise pendent venue over the plaintiff's patent infringement claims, despite that venue in that district was undisputed for the plaintiff's trade dress infringement and unfair competition claims. *See* 2017 WL 4997838 at *5-7. In granting the defendant's motion to dismiss for improper venue, the court agreed with others finding that *TC Heartland*'s narrow reading of Section 1400(b) affected a "'sea change' in patent venue law." *Id.* at *5 (citing *OptoLum, Inc. v. Cree, Inc.*, No. CV-16-3828-PHX-DLR, 2017 WL 3130642, at *2–3 & n.1 (D. Ariz. July 24, 2017) (collecting cases)).

At least two courts in this circuit have adopted similar reasoning in declining to exercise pendent venue over patent infringement claims. Citing *Jenny Yoo* with approval, the district court in *California Expanded Metal Prod. Co. v. Klein* observed that most courts have "typically applied one of two approaches, focusing either on the specificity of the respective venue statutes at issue or, alternatively, on the 'primary claim' at issue." No. CV1800242DDPMRWX, 2018 WL 2041955, at *2 (C.D. Cal. Apr. 30, 2018) (citing 2017 WL 4997838 at *7); *accord Wet Sounds, Inc. V. Powerbass USA, Inc.*, No. CV H–17–3258, 2018 WL 1811354 (S.D. Tex. Apr. 17, 2018) (finding that the plaintiff's "primary claims" were for patent infringement, and thus that pendent venue was not justified). The *California Expanded Metal* court accordingly opined that "[i]n the wake of *TC Heartland*'s prescription that Section 1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions and is not to be supplemented by § 1391(c),' the specificity-focused approach weighs against the application of pendent venue to cases involving patent claims." *Id.* (citing 137 S. Ct. at 1519). The Court subsequently rejected the plaintiff's request to exercise pendent venue over the claims before it.

3

So too in *Nat'l Prod., Inc. v. Arkon Res., Inc.*, No. C15-1984JLR, 2018 WL 1457254, at *6-7 & n.6 (W.D. Wash. Mar. 23, 2018). In *National Products*, the district court declined to apply the pendent venue doctrine to the plaintiff's patent infringement claims, despite that venue was undisputed for the plaintiff's six other causes of action (which again included claims for trade dress infringement and unfair competition, as here). *See* 2018 WL 1457254 at *6-7. In reaching that conclusion, the court found that the specific requirements of Section 1400(b) precluded venue for the plaintiff's patent claim "regardless of whether venue may be appropriate in this district for other claims." *Id.* at *7. The court also rejected the plaintiff's argument that judicial economy considerations merited the court's retention of the patent infringement issues, noting that efficiency rationales underlie a court's decision whether to transfer an action, not whether venue is proper. *See id.* (citing 28 U.S.C. § 1404(a)).

Though not binding on the Court, these decisions are persuasive and their reasoning applies here. Notably, Plaintiff acknowledges that the "'primary' claim serving as the basis for pendent venue" is its cause of action for patent infringement. Opp. at 4. Thus, a primary claims analysis supports declining the exercise of pendent venue in this case. Plaintiff, moreover, cites just one authority to support its assertion that a court can exercise pendent venue over additional defendants. *See id.*; *Pacer Glob. Logistics, Inc. v. Nat'l Passenger R.R. Corp.*, 272 F. Supp. 2d 784, 787 (E.D. Wis. 2003). But that case predates *TC Heartland*, was not a patent infringement action, and involved a markedly different claim: compensation for damages to cargo under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707. *See id.* In view of *TC Heartland*, Plaintiff fails to meet its burden of showing that this district is a proper venue for its patent action against Stance.

Plaintiff asserts that declining pendent venue over its claims against Stance would waste time and resources by bifurcating this matter into two separate suits on "opposite sides of the country." *See* Opp. at 5. But, at this stage, Plaintiff's argument is pure conjecture: Plaintiff does not claim, nor does it appear, that it has initiated this separate suit. Plaintiff has similarly failed to brief the issue of transfer, or request that the Court transfer this action to a district where venue would be proper. *See Nat'l Prod., Inc.*, 2018 WL 1457254, at *7 (finding that the transfer statute,

4

not the venue statute, is concerned with judicial economy considerations); *see also Wet Sounds, Inc.*, 2018 WL 1811354, at *3 ("The problem is that venue must be proper as to each defendant, and it is not proper as to PowerBass. Under these circumstances, the court may not retain venue as to that defendant, even if judicial economy would support that.").

Finally, Plaintiff fails to adequately justify its request for additional venue discovery. Plaintiff does not explain what new facts additional discovery would unearth. *See* Opp. at 7-8. Defendant has submitted a declaration from Samuel Lubliner, Stance's President and Managing Member, stating that: (1) Stance is incorporated in Connecticut; (2) Stance has never maintained a place of business in California; (3) Stance does not own or lease any offices or retail locations in California; (4) none of Stance's officers or employees reside in or have offices in California; (5) none of Stance's books or records, and none of the officers and employees of Stance knowledgeable concerning those books and records, are located or reside in California; and (6) Stance has never attempted to become qualified or licensed to do business in California. Dkt. No. 19-1 ("Lubliner Decl.") ¶¶ 2-7. Plaintiff does not substantively dispute the content of Lubliner's declaration. Accordingly, the Court finds in its discretion that additional venue discovery is not justified.

### III. CONCLUSION

For these reasons, Stance's motion to dismiss is **GRANTED** without prejudice to Plaintiff's ability to refile its claims against Stance in the proper venue. The Court **VACATES** the parties' initial Case Management Conference ("CMC") set for Thursday, July 19, 2018, and **SETS** the initial CMC for Tuesday, August 14, 2018 at 2:00 p.m. The parties must file a revised initial CMC statement with a proposed case schedule by August 7, 2018.

**IT IS SO ORDERED.**

Dated: 7/12/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

5